1
2
3
4
5
6
7
8
9
10
11
12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

13
14
15
16
17
18

ANTHONY O. SIMPSON, J-83246,      )
                                  )
            Plaintiff(s),          )        No. C 11-0414 CRB (PR)
                                  )
     vs.                          )        ORDER OF DISMISSAL
                                  )
GABRIEL BORGES, et al.,            )
                                  )
            Defendant(s).          )
_____   )

19

        Plaintiff, a prisoner at Pleasant Valley State Prison (PVSP), has filed a pro

20   se civil rights complaint for damages under 42 U.S.C. § 1983 alleging that, while

21   he was incarcerated at Folsom State Prison (FSP), doctors at FSP and Queen of

22   the Valley Hospital in Napa (QVH) failed to provide him with adequate medical

23   care for an infection he contracted after knee surgery.

                                **DISCUSSION**

25   A.    Standard of Review

26        Federal courts must engage in a preliminary screening of cases in which

27   prisoners seek redress from a governmental entity or officer or employee of a

28   governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

Plaintiff's complaint and attachments show the following line of events:

On June 12, 2009, plaintiff was transported from FSP to QVH for knee surgery and during "post-op" contracted a wound infection determined to be Methicillin-Resistant Staphylococcus Aureus (MRSA).

On June 24, 2009, plaintiff returned to surgery for wound irrigation and debridement, and was placed on IV antibiotic treatment.

On July 1, 2009, plaintiff was placed on oral antibiotics and transported back to FSP.   Once at FSP, plaintiff asked Dr. Borges to be transferred to a medical prison facility that could address his needs, but his request was denied.

On July 24, 2009, plaintiff was transported to QVH and seen by Dr. Freedhand, who noted that plaintiff was "recovering nicely" and recommended that he continue with antibiotics.  Plaintiff was transported back to FSP.

On September 3, 2009, plaintiff was transported to QVH and seen by Dr. Shifflett, who noted that the infection was "stable and improving with granulation tissue," and recommended that plaintiff continue with antibiotics.  Plaintiff was transported back to FSP.

On September 25, 2009, plaintiff was transported to QVH and seen by Dr. Shifflett, who noted that "a nidus of infection" had not cleared with the antibiotics and recommended repeat incision and drainage.  Plaintiff consented.

Plaintiff claims that the doctor defendants displayed "gross negligence and deliberate indifference" because he "feels that his medical condition has declined instead of improv[ed]."  According to plaintiff, the doctor defendants "mis-diagnos[ed]" his condition when they improperly chose to continue him on the same antibiotic treatment that did not clear his infection.  Plaintiff also claims that the FSP doctor defendants improperly denied his request for a transfer to a medical prison facility.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing <u>Estelle</u>, 429 U.S. at 104), <u>overruled in part on other grounds by</u> <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment.  <u>Id.</u> at 835-36 & n4.  An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment."  <u>Id.</u> at 838.  Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner,

3

but rather, upon the constraints facing the official." <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 302-03 (1991)).  Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care." <u>Estelle</u>, 429 U.S. at 104-05.

A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.  <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).  Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is generally insufficient to establish deliberate indifference.  <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004).

Unfortunately for plaintiff, his allegations of inadequate medical care for MRSA amount to no more than a possible claim for medical malpractice not cognizable under § 1983.  <u>See id.</u> at 1060-61 (medical malpractice insufficient to make out  violation of 8th Amendment); <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (same).  So do his allegations that the FSP doctor defendants improperly denied his request for a transfer to a medical prison facility.  <u>Cf.</u> <u>Roberts v. Spalding</u>, 783 F.2d 867, 870 (9th Cir. 1986) (prison inmate has no constitutional right to outside medical care supplemental or additional to medical care provided by prison staff at the institution).  There is no indication whatsoever that the doctor defendants knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.  <u>See</u> <u>Farmer</u>, 511 U.S. at 837.

To whatever extent plaintiff may have a claim for medical malpractice, he must pursue such claim in the state courts.

/

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED for failure to state claim upon which relief may be granted under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED:  July 5, 2011

_____
CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.11\Simpson, A1.dismiss.wpd

5